UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON SEBASTIAN et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:23-cv-01071-SRC |
| ) | |
| ROY FOOT et al., ) | |
| ) | |
| Defendants. ) | |

### Memorandum and Order

Plaintiffs Aaron Sebastian, Kelly McSean, and Dakota Pace are pretrial detainees. Doc. 1. In August 2023, they jointly sued, alleging violations of their civil rights under 42 U.S.C. § 1983. *Id.* In this Court, however, prisoners may not join together in a single lawsuit. *Engel v. MECC*, No. 4:21-cv-01020-HEA, 2021 WL 3725699, at *1 (E.D. Mo. Aug. 20, 2021); *see also Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

That rule exists for at least three reasons. First, the Prison Litigation Reform Act (PLRA) requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). But because the Court is unable to collect multiple filing fees for one case, permitting prisoners to jointly sue would circumvent the requirement that each prisoner pay the full fee. (This is true even though any prisoner may later independently seek a waiver of that fee by using the Court's form to apply for a waiver). To ensure compliance with federal law regarding filing fees, the Court requires that individual prisoners bring separate lawsuits rather than jointly suing under Rule 20 of the Federal Rules of Civil Procedure.

Second, the Court has noted that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Engel*, 2021 WL 3725699, at *1 (citation omitted).  For instance, it is possible that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation, or that the joint litigant prisoners are separated from one another due to the transitory nature of jail populations, or even that one prisoner coerce another prisoner in anything having to do with the filing of the lawsuit.  *See id.* (citing *Hagwood v. Warden*, Civil Action No. 08-6010, 2009 WL 427396, at *2 (D.N.J. Feb. 19, 2009).  Requiring prisoner litigants to file separate lawsuits helps avoid these problems.

Third, the PLRA imposes a three-strike rule on each prisoner, prohibiting any prisoner (with one exception, inapplicable here) from commencing a lawsuit if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief [could] be granted." 28 U.S.C. § 1915(g).  But because the Court cannot count a "strike" unless it dismisses the entire lawsuit, prisoner litigants could circumvent the PLRA and avoid a strike for making frivolous claims by bringing those claims joined with another prisoner's worthwhile claims.  To ensure compliance with federal law regarding strikes, the Court requires that prisoner litigants bring separate lawsuits rather than jointly suing under Rule 20 of the Federal Rules of Civil Procedure.

For these reasons, the Court directs the Clerk of Court to strike plaintiffs Kelly McSean and Dakota Pace from this action, and to alter the case caption for this case accordingly.  The Court also directs the Clerk to open a new case for each McSean and Pace, using the same

2

complaint filed in this case.  Finally, the Court directs the Clerk to file a copy of this memorandum and order in each of the two new cases.  All three plaintiffs remain free to cooperate to the extent that they are able, and their cases may be consolidated for trial if appropriate at a later date.

    So ordered this 18th day of January 2024.

                                                                                            _SL R. Cl_____
                                                                                            STEPHEN R. CLARK
                                                                                            CHIEF UNITED STATES DISTRICT JUDGE